381 A.2d 138

**OFFICE OF DISCIPLINARY COUNSEL, Petitioner,**

v.

**Walter C. HERRMANN (Cambria County), Respondent.**

Supreme Court of Pennsylvania.

Argued Sept. 27, 1977.

Decided Dec. 27, 1977.

Office of Disciplinary Counsel, Edward A. Burkardt, Pittsburgh, for petitioner.

Walter C. Herrmann, I. P. P., Johnstown, Edward F. Peduzzi, Ebensburg, for respondent.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

EAGEN, Chief Justice.

The Disciplinary Board of the Supreme Court of Pennsylvania has recommended to this Court that the respondent, Walter C. Herrmann, be disbarred as an attorney because of professional misconduct. After an independent and careful study of the record[1] we concur in the Board's conclusion that disbarment is appropriate.

The instant disciplinary proceedings were commenced by the filing of a petition for discipline on November 21, 1975.[2] This petition charged respondent with several violations of the Code of Professional Responsibility in his handling of the estate of George W. Schramm, deceased. On May 10, 1976, a second petition for discipline was filed charging respon-

1. The Act of May 19, 1879, P.L. 66, Section 1, 17 P.S. Section 1663 (1962) mandates that this Court review attorney disciplinary cases de novo on appeal.

2. On May 3, 1976, public censure was imposed on the respondent by this Court on the recommendation of the Disciplinary Board for violations of the Code of Professional Responsibility. These violations were separate and apart from those charged here.

dent with violations of the Code in his handling of the estate of Rubert Thomas, deceased, and the estate of Sophie Egerter, deceased.

The two petitions were consolidated for hearing, and the hearing proceeded before a hearing committee on June 30, July 1, and July 9, 1976. The respondent was present during the hearings with legal counsel but did not testify. Later the hearing committee filed a 47-page typewritten report with the Disciplinary Board. This report included a total of 73 findings. The accuracy of these findings is not challenged. On the basis of these findings, the hearing committee concluded the respondent was guilty of many serious violations of the Code of Professional Responsibility and recommended to the Disciplinary Board that he be disbarred from the practice of law. After consideration of the hearing committee's report, the Disciplinary Board approved the committee's findings and recommendation and so reported to this Court. We then afforded respondent the opportunity of filing a brief and appearing before the Court to present oral argument as to why the recommendation should not be followed. Such briefing was then presented.

That the respondent is guilty of the violations of the Code outlined in the hearing committee's report is not disputed. However, because of his advanced age, his long years of practice [3] as an attorney and good reputation in his residential community,[4] it is urged the sanction of disbarment is too severe and, instead, respondent should be permitted to resign from the active practice of the law with the stipulation that he will never reapply for active status.[5]

We will not now detail the evidence presented before the hearing committee. Suffice to say that this evidence estab-

3. Respondent was 76 years of age on November 1, 1977. He was licensed to practice law in Pennsylvania on October 9, 1928.

4. Respondent has served as president and on various committees of the Bar Association of his home county and on several citizen committees advancing local civic projects.

5. A petition requesting permission to "resign" was filed with the Board on March 10, 1977, and rejected.

lished beyond question that Herrmann came into possession or control of funds which were assets of decedents' estates; that he failed to account for and distribute these funds for an unconscionable period of time to the detriment and loss of those entitled thereto; and, that at various times while these funds were under his control they were at least in part co-mingled with his own funds and used by the respondent to pay personal and business obligations.

Despite his serious derelictions, respondent urges that he be permitted to resign as an active attorney and be transferred permanently to an inactive status and thus be saved from the stigma of disbarment. In good conscience, we must reject this request.

Rule 215 of the Rules of Disciplinary Enforcement permits an attorney who is the subject of an investigation into allegations of misconduct to submit his resignation as an attorney, providing, inter alia, he acknowledges that the material facts upon which the complaint is predicated are true and he agrees that an order of disbarment by consent may be entered. Respondent will not agree to this. Instead, he seeks to avoid embarrassment and any stigma of culpability by quietly retiring from the active practice of the law as attorneys frequently do for personal reasons after an honorable practice. To permit the respondent to escape proper discipline under the facts of this case would be a very unwise precedent. It would also constitute an act of irresponsibility on our part and a great disservice to the public which is entitled to the protection of the courts from attorneys who disregard and violate their professional responsibility.

We accept the recommendation of the Disciplinary Board and the respondent is herewith disbarred from the practice of the law in any court subject to our supervision.