## In re Anonymous No. 9 D.B. 87

Disciplinary Board Docket no. 9 D.B. 87.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McGINLEY, *Member,* November 2, 1988—Pursuant to rule 208(d)(2)(iii), Pa.R.D.E., the disciplinary board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the within petition for discipline.

### HISTORY OF PROCEEDINGS

On January 26, 1982, the Supreme Court of New Jersey entered its order temporarily suspending respondent from the practice of law pending final de-

termination of the alleged violations of the Code of Professional Responsibility. On February 5, 1982, respondent notified the Supreme Court of Pennsylvania of his temporary suspension and of the pending disciplinary action in New Jersey. Respondent was transferred, by consent, to inactive status in Pennsylvania on July 1, 1982, pursuant to rule 219(i), Pa.R.D.E.

Thereafter, respondent entered a guilty plea to a charge of a violation of N.J.S.A. 2C:20-9, the gist of which charge was theft and misappropriation of money received by respondent in his professional capacity. At no time did respondent report his criminal conviction to the secretary of the disciplinary board as required by rule 214(a), Pa.R.D.E.

The New Jersey Supreme Court disbarred respondent by order dated November 12, 1986. On January 29, 1987 the order was transmitted to the Pennsylvania Supreme Court, pursuant to rule 216, Pa.R.D.E., for a determination as to potential discipline in Pennsylvania. Pursuant to rule 216(a)(2), Pa.R.D.E., the Supreme Court of Pennsylvania entered an order on February 12, 1987, directing respondent to show cause why "the imposition of the identical or comparable discipline in this commonwealth would be unwarranted and the reasons therefor."* The court referred the matter to the disciplinary board by order dated May 29, 1987, pursuant to Rule 216(c), Pa.R.D.E., for determination of the discipline to be imposed. On October 29, 1987 the matter was assigned to Hearing Committee [ . ].

The hearing was held on December 29, 1987. The committee found that the disciplinary sanctions of New Jersey are not so different from those of Pennsylvania that reciprocal discipline would not

---

* Rule 216(a)(2), Pa.R.D.E.

be in order. The hearing committee also found, and the disciplinary board specifically notes its concurrence in such finding, that respondent's alcoholism is not a sufficiently mitigating factor to warrant discipline other than disbarment.

## FINDINGS OF FACT

(1) Respondent was admitted to the bar of the Supreme Court of Pennsylvania on October 25, 1973, and was admitted to the bar of the Supreme Court of New Jersey at approximately the same time.

(2) In approximately 1976, respondent's marriage disintegrated, and his consumption of alcohol escalated.

(3) Beginning in approximately 1979, respondent began the misappropriation of clients' funds which subsequently led to criminal and disciplinary charges being filed against him. Two matters involved respondent's writing of checks to himself from trust and escrow accounts in the amounts of $2,000 and $3,459.23.

(4) Respondent also misappropriated several other clients' funds and property amounting to at least $12,000.

(5) The misappropriation of clients' funds was knowingly committed by respondent.

(6) Although respondent was an alcoholic, such condition was not a substantial factor in respondent's conduct.

(7) Subsequent to the initiation of the disciplinary actions in New Jersey, respondent has entered and participated in an alcohol rehabilitation program, has made at least partial restitution to his injured clients, and has joined Alcoholics Anonymous.

## DISCUSSION

The Pennsylvania Rules of Disciplinary Enforcement state that if an attorney admitted to practice in Pennsylvania has been disciplined by suspension or disbarment in another jurisdiction:

"[T]he Supreme Court of Pennsylvania may impose identical or comparable discipline unless disciplinary counsel or the respondent-attorney demonstrates, or the court finds upon the face of the record upon which the discipline is predicated it clearly appears:

. . .

"(3) that the imposition of the same or comparable discipline would result in grave injustice; or

"(4) that the misconduct established has been held to warrant substantially different discipline in this commonwealth." Rule 216(c), Pa.R.D.E.

Respondent does not contend in his pleadings before the Supreme Court of Pennsylvania that the criteria for rule 216(c)(1) or (c)(2) are met. All evidence indicates that all the requirements of due process were met in the New Jersey proceedings. Also, the New Jersey disciplinary body had accumulated sufficient evidence to prove respondent's misconduct, even absent his criminal conviction. Therefore, respondent may not avoid the imposition of reciprocal discipline based upon rule 216(c)(1) or (c)(2), Pa.R.D.E. Furthermore, the nature and extent of respondent's conduct does not warrant different discipline in Pennsylvania.

Respondent does not deny that he intentionally misappropriated clients' funds. Such intent is an element of the offense with which respondent was charged. *State v. Then,* 118 N.J.L. 31, 190 Atl. 495 (1937), affirmed 119 N.J.L. 429. 196 Atl. 740, 197 Atl. 5.

Misconduct of this extent has generally warranted substantially similar discipline, i.e. disbarment, in the commonwealth. See e.g., *Office of Disciplinary Counsel v. Hermann,* 475 Pa. 560, 381 A.2d 138 (1971); *Office of Disciplinary Counsel v. Lewis,* 493 Pa. 519, 426 A.2d 1138 (1981); *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986).

Respondent's position is that grave injustice would result if the same or similar discipline were imposed. The basis for this contention is that in respondent's case the New Jersey Supreme Court applied its presumptive rule of disbarment in a case involving misappropriation of client funds, established in *In re Wilson,* 81 N.J. 453 (1979). Pennsylvania, by contrast, does not have such a per se rule, electing instead to consider each case on its facts. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). He contends, on the basis of this rule, that his alcoholism is a mitigating factor that should be considered in the determination of discipline.

The board finds that disbarment is not inappropriate in this matter. The facts and violations found in the New Jersey disciplinary proceedings and the findings of the hearing committee warrant the recommendation for disbarment.

While the record in this matter demonstrates respondent's alcoholism at the time of the offenses, the findings do not give rise to the conclusion that such condition impaired respondent's judgment and caused his conduct to be anything other than intentional theft. Likewise, the evidence before the board does not support a finding that it would be a grave injustice to consider these factors when a sister jurisdiction has already determined the discipline it finds appropriate. In fact, the principles of

comity and justice weigh heavily in favor of disbarment.

While we are not unmindful of the debilitating effects of alcoholism, we join in the following expression of the Supreme Court of Illinois as:

"Not all alcoholics appropriate the money of their clients; the slide from drink to dishonor may be smooth, but it is neither automatic nor uncontrollable. We can understand it; we cannot excuse it or overlook misconduct as serious as respondent's. Alcoholics need not be treated just like other people; our duty to uphold the standards and reputation of the profession is not incompatible with sympathy and leniency for victims of alcoholism. But their tragedy cannot be used as a license to exploit clients by taking their money." *In re Anonymous No.2 D.B. 75,* 23 D.&C. 3d 177, 195 (1982), quoting *In re Driscoll,* 85 Ill.2d 312, 423 N.E.2d 873 (Ill. 1981).

Under the facts presented, for respondent to remain a member of the bar of the Supreme Court of Pennsylvania would act to lower the integrity of that bar and the trust the public places in the bar.

## RECOMMENDATION

Based upon the foregoing discussion, the disciplinary board unanimously recommends that respondent be disbarred from the practice of law in Pennsylvania. The board recommends further that the court, pursuant to rule 208(g) Pa.R.D.E., direct respondent to pay the necessary expenses incurred in the investigation and prosecution of this proceeding.

Messrs. Douglas, Tumolo and Keller did not participate in the adjudication.

## ORDER

And now, ·December 28, 1988, upon consideration of the report and recommendations of the disciplinary board dated November 2, 1988, it is hereby ordered that [respondent] be and he is disbarred from the bar of this commonwealth, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the disciplinary board pursuant to rule 208(g), Pa.R.D.E.